UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED KAPING,<br><br>    Plaintiff,<br><br>v.<br><br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP; WELLS FARGO BANK, N.A.; and DOES 1–10, inclusive,<br><br>    Defendants. | No. 2:17-cv-00697-JAM-CKD PS<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Defendants' request for judicial notice (ECF No. 6), motion to dismiss (ECF No. 4), and motion to strike (ECF No. 5) came on regularly for hearing on May 31, 2017. Pro se plaintiff Fred Kaping appeared on behalf of himself. James Lee appeared telephonically for defendant Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW"). Leigh Curran appeared telephonically for defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Upon consideration of the arguments made, review of the documents in support and opposition and good cause appearing therefore, THE COURT FINDS AS FOLLOWS:

I.    <u>Relevant Background</u>[1]

On August 27, 2007, plaintiff executed a secured promissory note and Deed of Trust for

---
[1] All facts herein are taken from plaintiff's state court complaint contained in ECF No. 1, unless otherwise indicated.

1

$633,000.00, secured by the property located at 1365 Shadow Rock Ct., Auburn, CA 95602. The Deed of Trust was recorded in the Placer County Recorder's Office on September 5, 2007 by World Savings Banks, F.S.B. ("World"). By plaintiff's own admission, Wells Fargo notified him through the U.S. mail that it "was the recipient of the Mortgage by a 'successor-in-interest' claim under [World]." (ECF No. 1 at 27.) BDFTW, as the appointed trustee under the Deed of Trust, recorded a Notice of Default on March 11, 2016 and a Notice of Trustee's Sale on July 11, 2016. Plaintiff acknowledged before this court on May 31, 2017 that he has not tendered the balance of the Deed of Trust.

On February 17, 2017, plaintiff filed a complaint in Placer County Superior Court, alleging various federal and state causes of action for: (1) violation of the Fair Debt Collection Practices Act; (2) violation of the Truth in Lending Act; (3) violation of the California Rosenthal Act; (4) violation of the California unfair competition law; (5) cancellation of instruments under California law; (6) negligence; (7) slander of title; and (8) quiet title. Each claim is based upon the theory that the original Deed of Trust is void because it was the product of an illegal "table-funded" loan,[2] and that this Deed of Trust was subsequently assigned to Wells Fargo improperly.

Defendants filed a notice of removal on March 31, 2017. (ECF No. 1.) On April 4, 2017, defendant Wells Fargo filed the motions currently before the court. (ECF Nos. 4–6.) Plaintiff opposed each motion. (ECF No. 8.) Defendant BDFTW joined in each motion. (ECF Nos. 10, 11.) Wells Fargo replied to plaintiff's opposition. (ECF No. 13).

II.     Defendants' Request for Judicial Notice

In connection to their motion to dismiss, defendants request judicial notice of various

---

[2] "'Table-funding' [has been] defined as a 'settlement at which a loan is funded by a contemporaneous advance of loan funds and an assignment of the loan to the person advancing the funds.'" Easter v. Am. W. Fin., 381 F.3d 948, 955 (9th Cir. 2004) (citations omitted).

Table-funding has also been described as "a loan where the trust deed is made in the name of the broker instead of the actual lender. One party brings the funds 'to the table' and actually is the ultimate lender or investor, while another party negotiates, services, and closes the loan in its name and appears as the lender, though actually acting more as a loan broker. Typically, the loan is then transferred to the party that provided the loan funds." Christopher J. Fernandes & Julianne D'Angelo Fellmeth, Department of Real Estate, Cal. Reg. L. Rep., WINTER 1999, at 172, 176

documents. (ECF No. 6, Exs. 1–6.) In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

A. *Exhibits 1 and 2*

Exhibit 1 is a copy of plaintiff's Adjustable Rate Mortgage Note, dated August 27, 2007. Exhibit 2 is a copy of the Deed of Trust from the same date. Plaintiff argues that he "disputes the facts contained within the instruments, and their legal meaning" and that defendants have failed to provide "any authenticity for the veracity in which the documents were created." (ECF No. 8 at 24.) However, he does not claim that Exhibit 1 or 2 are not true copies of his Mortgage Note or Deed of Trust. Nor does he point to any specific errors in the documents. Importantly, nothing in Exhibit 1 or 2 contradicts anything in plaintiff's complaint or opposition memorandum. Moreover, the Mortgage Note and Deed of Trust are public records and easily verifiable.

Judicial notice of Exhibits 1 and 2 is appropriate, because they are central to plaintiff's complaint and are not subject to reasonable dispute. See Fed. R. Evid. 201(b); Gamboa v. Tr. Corps, No. 09-0007 SC, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of a Deed of Trust and adjustable rate mortgage note, when ruling on a motion to dismiss because "[t]hese documents are central to Plaintiffs' allegations that Defendants were not entitled to initiate a foreclosure sale of their property. These documents are also part of the public record and are easily verifiable").

B. *Exhibits 3 through 6*

Defendants also request judicial notice of documents evidencing Wells Fargo as the successor in interest to World. Specifically, a certificate of corporate existence issued by the Office of Thrift Supervision ("OTS") regarding World (Exhibit 3); a letter authorizing a name change from World to Wachovia on OTS letterhead (Exhibit 4); an official certification of the

Comptroller of Currency confirming Wachovia's conversion to a national bank and merger with and into Wells Fargo (Exhibit 5); and a printout from the website of the Federal Deposit Insurance Corporation, showing the history of World and its transition to Wells Fargo (Exhibit 6). This court has previously taken notice of the same documents in Exhibits 3 through 5 and the fact that Wells Fargo is World's successor by merger. See Curry v. Wells Fargo Bank, *N.A.*, 2014 U.S. Dist. LEXIS 123609, *3-4 (E.D. Cal. Sept. 2, 2014); Catherine v. Wells Fargo Bank, NA, 2016 U.S. Dist. LEXIS 96904, *4-5 (E.D. Cal. July 22, 2016) ("Wells Fargo is attempting to collect a debt originated by World Savings, which it succeeded by merger").

Plaintiff fails to address this court's prior judicial notice of these same documents. He only makes the same general claim that he disputes these documents and that they are not properly authenticated. ECF No. 8. As this court has previously taken judicial notice of these exact documents, judicial notice of Exhibits 3 through 5 is appropriate. See Fed. R. Evid. 201(b); Curry, 2014 U.S. Dist. LEXIS 123609 at *3-4.

Exhibit 6, on the other hand, is a purported printout from the Internet that does not include any official letterhead or other designation, such as a URL web address, that would tend to self-authenticate its veracity. Since its veracity is subject to reasonable dispute, judicial notice of Exhibit 6 is not appropriate.[3]

III.     Defendants' Motion to Dismiss

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

---

[3] The information contained in Exhibit 6 is essentially a summary of what is included in Exhibits 3 through 5.

4

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) ("pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

A. *Plaintiff's Legal Conclusions*

Plaintiff's arguments rest upon two fatally erroneous legal conclusions that he attempts to present as factual allegations: (1) that World improperly table-funded his original loan in violation of Cal. Bus. & Prof. Code § 10234, which thereby rendered the Deed of Trust void as an illegal contract, and (2) that World failed to record its assignment of the Deed of Trust to Wells Fargo. (ECF No 1.)

1. Cal. Bus. & Prof. Code § 10234 (Table-Funding)

Regardless of whether World engaged in table-funding as alleged, as a federal bank, World was not subject to Cal. Bus. & Prof. Code § 10234. By its plain language, this statute only

////

////

5

applies to real estate licensees.[4] See Cal. Bus. & Prof. Code § 10234(a) (". . . every **real estate licensee** who negotiates a loan secured by a trust deed on real property shall cause the trust deed to be recorded, naming as beneficiary the lender or his or her nominee (who shall not be the licensee or the licensee's nominee). . ." (emphasis added)). Under California law, "'[r]eal estate licensee' means a person, whether broker or salesperson, licensed under Chapter 3 of this part." Cal. Bus. & Prof. Code § 10014. Chapter 3 includes Cal. Bus. & Prof. Code § 10131, which defines "real estate broker" in subdivision (d) as one who "[s]olicits borrowers or lenders for or negotiates loans or collects payments or performs services for borrowers or lenders or note owners in connection with loans secured directly or collaterally by liens on real property or on a business opportunity."

Federal banks are excluded from this definition of "real estate licensee" and the requirements of §10234. See Cal. Bus. & Prof. Code § 10133.1(a)(1)–(8) (indicating that § 10131(d) and "Article 5 (commencing with Section 10230) . . . do not apply to . . . (1) Any person or employee thereof doing business under any law of . . . the United States relating to banks . . . [or] (8) Any person authorized in writing by a savings institution to act as an agent of that institution, as authorized by Section 6520 of the Financial Code or comparable authority of the Office of Thrift Supervision. . .").

Before its merger into Wells Fargo, World was a federal savings bank. (See ECF No. 6, Ex. 3.) Hence, World was exempt from the requirements of Cal. Bus. & Prof. Code § 10234 and it was not a "real estate licensee" under § 10131(d). See Cal. Bus. & Prof. Code § 10133.1(a)(1)–(8). Therefore, even assuming that World table-funded plaintiff's loan, such an action did not void the Deed of Trust, since World was not subject to the prohibitions on table-funding as defined by § 10234 and cited by plaintiff.[5]

---

[4] As defendants point out, this interpretation is supported by the "regulations and guidance of the state regulator charged with interpreting and enforcing § 10234 (the California Bureau of Real Estate ("CBRE"), formerly the California Department of Real Estate ("CalDRE")." ECF No. 4 at 13; see Cal. Code Regs. tit. 10 § 2841.5; Cal. Bureau of Real Estate, Mortg. Loan Broker Compliance Eval. Manual, § 8 at 12 (Rev. 5/14)

[5] Furthermore, even if World were subject to § 10234, it is not clear that plaintiff would have

6

2. Assignment of the Deed of Trust

Plaintiff also alleges that World failed to record its assignment of the Deed of Trust to Wells Fargo, and that, therefore, defendants had no authority to foreclose on the property. (ECF No. 1.) It is clear, however, that World was not required to assign the Deed of Trust to Wells Fargo. As this court has previously acknowledged, Wells Fargo is World's successor by merger and stands in the shoes of World. See Catherine, 2016 U.S. Dist. LEXIS 96904 at *4-5. Therefore, World was not required to assign the Deed of Trust to Wells Fargo because it took over the loan when it succeeded World by merger. See Cearley v. Wells Fargo Bank 2017 U.S. Dist. LEXIS 24917, *8 (E.D. Cal. Feb. 21, 2017) ("Under California law, the surviving entity to a merger acquires 'all the rights and property' of the disappearing entity 'without other transfer.' Cal. Corp. Code § 1107(a). Thus, by merging with World Savings, Wells Fargo became the beneficiary under the note and deed of trust.").

Furthermore, plaintiff's Mortgage Note and Deed of Trust provide that the "successors and/or assignees" of World (i.e. Wells Fargo) have the authority to foreclose upon the property. (ECF No. 6, Exs. 1, 2.) Moreover, plaintiff admits that Wells Fargo notified him through the U.S. mail that it "was the recipient of the Mortgage by a 'successor-in-interest' claim under [World]." (ECF No. 1 at 27.) Therefore, no assignment of the Deed of Trust was necessary.

B. *Plaintiff's Claims for Relief*

Plaintiff brings eight claims for relief, based upon his erroneous legal conclusions. As a result, he has failed to state any claims that are plausible on their face. Additionally, since plaintiff's claims are based upon a fundamental misapprehension of the applicable law, there are no additional facts that he could allege that would cure his pleading defects.

1. Fair Debt Collection Practices Act ("FDCPA");

Plaintiff alleges that defendants' actions—recording the Notice of Default and attempting to initiate non-judicial foreclosure—violate the FDCPA, 15 U.S.C. § 1692 et seq. (ECF No. 1.) However, as the successor in interest to World, Wells Fargo is deemed to be the originator of

---

standing to challenge the Deed of Trust as void because there is no dispute that the plaintiff obtained a loan, which he has not tendered. However, the court need not reach this issue here.

plaintiff's debt and is exempt from the FDCPA. See Gross v. Wells Fargo Bank, 2014 U.S. Dist. LEXIS 7293, *7 (S.D. Cal. Jan. 21, 2014) (Wells Fargo was exempt under 15 U.S.C. § 1692a(6)(F)(ii) when it attempted to foreclose on a debt originated by World, its predecessor in interest). Additionally, the actions of recording a notice of default and initiating non-judicial foreclosure are not debt collection under the FDCPA. See Vien-Phuong Thi Ho v. ReconTrust Co., NA, No. 10-56884, 2016 WL 9019610, at *3 (9th Cir. Oct. 19, 2016) ("'foreclosing on a trust deed is an entirely different path' than 'collecting funds from a debtor.'" (internal citations omitted)). Therefore, plaintiff has not stated a claim for relief under the FDCPA. Moreover, since defendants and their actions are exempt, plaintiff could not state a claim under the FDCPA that is plausible on its face, even if granted leave to amend.

### 2. Truth in Lending Act

Plaintiff alleges that defendants violated 15 U.S.C. § 1641(g) of the Truth in Lending Act by failing to notify him within 30 days that his loan was transferred. (ECF No. 1.) However, as explained, Wells Fargo is the successor in interest to this loan—there was no transfer of interest. Additionally, plaintiff admits that he was provided with a statement by Wells Fargo indicating that it was the successor in interest to the loan. (ECF No. 1.) Therefore, plaintiff has "failed 'state a claim to relief that is plausible on its face'" under the Truth in Lending Act. Iqbal, 556 U.S. at 678.

Furthermore, any claim brought under § 1641(g) must be brought within one year of the alleged violation. See 15 U.S.C. § 1641(e); McQuinn v. Bank of Am., N.A., 656 F. App'x 848, 849 (9th Cir. 2016). World was merged into Wells Fargo effective November 1, 2009. (See ECF No. 6, Ex 5.) Therefore, if there had been any "transfer" that required notice, plaintiff would have been required to raise this issue by November 1, 2010. He did not raise this issue until his 2017 complaint. Leave to amend this claim would be futile, as the plaintiff cannot state a plausible claim under this act, and even if he could, such claim would be time barred.

### 3. California Rosenthal Act

Plaintiff's claim under the California Rosenthal Act ("RFDCPA") is the same as his claim under the FDCPA. (ECF No. 1.) The RFDCPA mirrors the FDCPA, "their intentions were the

8

same and exclusive, and, as such, a loan servicer is not a debt collector under these acts." Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010). For the same reasons explained regarding plaintiff's FDCPA claim, he has failed to state a claim that is plausible on its face under the RFDCPA and could not do so if granted leave to amend.

### 4. California Unfair Competition

Plaintiff alleges that defendants violated Cal. Bus. & Prof. Code § 17200 by (1) engaging in illegal table-funding in violation of Cal. Bus. & Prof. Code § 10234 in 2007 and (2) by recording a void Deed of Trust in 2007 in violation of Cal. Pen. Code §§ 115.5 and 532 et. seq. (ECF No. 1.) Actions under § 17200 "shall be commenced within four years after the cause of action accrued." Cal. Bus. & Prof. Code § 17208. Also, "[a] defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law." Ingels v. Westwood One Broad. Servs., Inc., 129 Cal. App. 4th 1050, 1060 (2005) (citations omitted).

Here, each of the alleged underlying violations occurred in 2007, but plaintiff did not bring any action until nearly ten years later. As such, this claim is barred by the statute of limitations. See Cal. Bus. & Prof. Code § 17208. Even if this claim were not barred, plaintiff failed to state a plausible claim to relief. First, as explained, defendants did not violate Cal. Bus. & Prof. Code § 10234. Second, plaintiff has failed to state a plausible violation of either of Cal. Pen. Code §§ 115.5 or 532 et. seq.; he alleges that the defendants violated these statutes by recording a void Deed of Trust, but the Deed of Trust was not void. This claim is fatally time-barred and implausible on its face. The allegation of additional facts could not cure these defects.

### 5. Cancellation of Instrument

Plaintiff argues that this court should exercise its equitable powers to confirm that the lack of written assignment of the Deed of Trust to Wells Fargo has left defendants with no valid interest in the property. (ECF No. 1.) However, as explained above, there was no need for an assignment because Wells Fargo is World's successor in interest. Further, despite plaintiff's legal conclusion that the Deed of Trust is void, there is no basis for this claim since defendants did not violate Cal. Bus. & Prof. Code § 10234, as explained.

////

Moreover, while the plaintiff requests the court use its equitable powers, he has failed to demonstrate that he too has done equity because he has failed to allege that he has tendered the balance of the mortgage note. It is a well-accepted maxim that "he who seeks equity must do equity." See Stein v. Simpson, 230 P.2d 816, 819 (Cal. 1951); In re Gardenhire, 209 F.3d 1145, 1152 (9th Cir. 2000).

      6. Negligence

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (1998). Plaintiff alleges that defendants had a legal duty under Cal. Pen. Code § 530.5 to abstain from unlawfully utilizing private personal information, which they allegedly violated by recording the Deed of Trust and Notice of Default after the loan was illegally table-funded. (EFC No. 1.)

Under California law, however, "as a general rule, a financial institution **owes no duty** of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. . ." Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991) (emphasis added). Plaintiff has not alleged facts sufficient to demonstrate that defendants acted beyond the scope of their conventional role when recording the 2007 Deed of Trust and 2016 Notice of Default. As explained, this conduct did not violate Cal. Bus. & Prof. Code § 10234, nor did it void the Deed of Trust. Therefore, defendants did not breach any duty when they utilized plaintiff's information within the scope of their routine services as money lenders. See Nymark, 231 Cal. App. 3d at 1096.

Moreover, plaintiff has not alleged that he suffered any damages as a result of defendants' actions. He does not allege that their actions caused him to default on his loan. Rather, his argument relies on the allegation that the 2007 Deed of Trust was void when recorded. As demonstrated, this allegation is based upon an erroneous legal conclusion. However, even assuming that the Deed of Trust was void, plaintiff has continued to enjoy the use and ownership of this property since 2007. Plaintiff has experienced a windfall rather than suffer damages. Plaintiff failed to state a plausible claim to relief for negligence because defendants did not owe

him any duty nor did they cause him any damages. Further, plaintiff could not state a plausible claim if he were granted leave to amend since he cannot plausibly allege that defendants owed him any duty beyond their conventional role as money lender.

### 7. Slander of Title

Plaintiff alleges that defendants slandered his title by filing the initial 2007 Deed of Trust, which was void. (ECF No 1.) He also alleges that the Notice of Default similarly slandered his title because the mortgage was not properly assigned to Wells Fargo. (ECF No 1.) As it has been explained, these arguments are based upon erroneous legal conclusions.[6]

Additionally, to prevail on a slander of title claim, plaintiff must allege damages, which have been defined as the "loss caused by the impairment of vendibility and the cost of clearing the title." Davis v. Wood, 61 Cal. App. 2d 788, 798 (1943). Plaintiff has not claimed that either the Deed of Trust or Notice of Default has impaired the property's vendibility. As such, plaintiff has failed to state a claim for relief for slander of title that is feasible on its face. If granted leave to amend, plaintiff could not state a plausible claim because his allegations are based upon erroneous legal conclusions that cannot be remedied through the allegation of additional facts.

### 8. Quiet Title

Plaintiff also seeks to quiet title to his property. (ECF No. 1.) This claim is also premised on plaintiff's table-funding theory. Moreover, quiet title is a claim in equity and plaintiff has failed to do equity. A full tender of the indebtedness is a prerequisite to a quiet title claim. Sipe v. McKenna, 88 Cal. App. 2d 1001, 1006 (1948). Plaintiff does not allege that he has tendered his loan. Rather, he argues that he is exempt from tender, relying on Yvanova v. New Century Mortg. Corp., 365 P.3d 845, 851 (2016). (ECF No. 8.) Yvanova does not support plaintiff's allegations; while it is true that tender is not required in certain circumstances to set aside a foreclosure sale when the plaintiff alleges that the foreclosure deed is facially void, that is not the situation here. First, no foreclosure sale has occurred, and second, the only alleged grounds for

---

[6] Further, an action for slander of title must be brought within three years. Cal. Civ. Proc. Code § 338(g). Even if the 2007 Deed of Trust constituted slander of title, plaintiff has failed to bring his claim within the statutory deadline.

11

voiding the Notice of Default are based upon plaintiff's erroneous legal conclusions regarding table-funding and the assignment of the Deed of Trust. Plaintiff cannot plausibly claim that he is exempt from the tender requirement and he has failed to state a claim to relief for quiet title. If granted leave to amend, plaintiff could not state a plausible claim as his claim rests upon erroneous legal conclusions and not insufficient facts.

IV. Defendants' Motion to Strike

Defendants have also moved to strike various portions of plaintiff's complaint connected with "exemplary/punitive damages allegations and prayers." (ECF No. 5 at 2.) Because plaintiff has failed to state any claims to relief that are plausible on their face, it is unnecessary to consider the motion to strike on its merits.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 6) is GRANTED as to Exhibits 1 through 5 and DENIED as to Exhibit 6.

2. Defendants' motion to strike (ECF No. 5) is DENIED as moot.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 4) be GRANTED and plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND;

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may

/////

/////

12

waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 8, 2017

*/signature/*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/17-697 Kaping v. BDFTW - F&R